the appellant be seeking to reserve some time for rebuttal? Yes, I'd like to reserve three minutes. Three minutes. Yes, you're okay. That's granted. All right. Thank you. All right, you may proceed. Good afternoon, Frederick Orwick. I'm an assistant federal public defender in the Middle District of Pennsylvania. And I represent the appellant, Mr. Schover. The language in Section 3014, which addresses the additional $5,000 special assessment, does not contemplate future earnings or future wages. So it differs in large part textually from the other penalty provisions in Title 18, such as the fine provision in 3572. Yeah, we're with you on all that. We got some questions. So here's, here's the first thing. On on the look at future earnings, every Court of Appeals has looked at this so far has said, you can look to the future. Now, Mr. Orwick, this leaves aside the factual issue. I understand there's a factual question about whether even if you look to the future, this man qualifies as indigent or non indigent, but just looking at the pure legal question about whether capacity to pay can take into account future earning ability. Why would we disagree with six other Courts of Appeals that have looked at this? I don't think you need to actually, our position would be that you don't know who's going to come in front of you. Obviously, Jeffrey Epstein steps in front of the judge, you'd want to consider future earnings. There'll be some parameters to it. And we think one parameter to be like, those are going to change you from indigent to non indigent, going to be reasonably certain or reasonably foreseeable. Okay, well, that that helps. So I was under the impression, maybe the misimpression that you were taking the position that, you know, it's just what he can do now. But I hear you saying, no, some accounting and understanding of a person's future ability to pay is, is appropriate. Under 3014. Right? Do I hear you? Right? That's correct. I don't think we want to cabin a district court judge, because people come in front of them with all kinds of different circumstances, they might have a 401k, that's going to pay them out money some years down the road. And I don't think you want to preclude that from a court's consideration, just because it's going to happen in five years. Do you think that appointing counsel for by reasons of I don't think it's dispositive. But I would agree with, I believe that Sixth Circuit and the eighth Circuit say it go, it's at least probative. So that that determination that occurs at an initial appearance of an arraignment goes a pretty long way to outlining exactly what the person's financial circumstances are. It may not as you recognize it, that I think that's one snapshot, that's one moment in time, it says nothing about the future, his ability to to make money on the inside in jail or on the outside, right? Well, they're not going to make a whole lot of money on the inside of jail, I don't think there's anybody that comes out of prison with a fair amount of money. But in your right, it's a snapshot of in time. Now, some of these individuals might not be in jail, they might not be detained. So they're going to continue earning money until they're ultimately sentenced. But the vast majority of them are. And on that on this, on this point, that Judge Sherrick is talking about, that is, is the Sixth Amendment determination with respect to indigency and right to counsel, something that means necessarily that you're indigent for purposes of 3014. I think maybe I'm mishearing, but I think I hear you agreeing again, that the answer is no. The fact that you could be just the way Judge Kane said here, it's possible for somebody to be indigent for purposes of appointment of counsel, and non indigent for purposes of 3014. Right? Well, I don't know, I wouldn't agree necessarily that Judge Kane said that. But I would agree that it's not dispositive. But at the end of the day, regardless of whether it's dispositive or not, most of these cases end up in front of the district court in the same position. So one of the questions would be like, who's got the burden? You could do as the Fifth Circuit suggested in Fowler and place it entirely on the district court, or do as many of the other circuits have done and place it on the defendant, you're going to end up in the same place most of the time. And here's why. Because when you have that initial appearance of arraignment, there's going to be a financial affidavit completed by the defendant, presented to the magistrate or the district court judge is going to review his current financial circumstances. But more important, by the time you get to sentence, the probation office is going to have waiver form signed for all your tax records, you're going to have a complete financial disclosure of all your debts, liabilities, income, assets, bank accounts, all of that information is going to be in a pre sentence report. Mr. O'Rourke, who who should have to show non indigency? Who's who ought to have the ultimate burden of proof on that? Well, most of the courts have said that a defendant historically, a defendant would have because that's, that's the same as criminal fines, right? It would be the same in that respect, only because this is non discretionary with the court, a fine is discretionary. So court would have some flexibility in terms of imposing a fine, whereas it would not have any here. So there's that difference. But it's the same in many of the same considerations might inform that there's going to be some overlap. But all we're saying is at the end of the day, you end up basically in the same place. If a defendant's provided information necessary for the appointment of counsel, and that judge or magistrate is determined that they're indigent, and then further provided the same information in greater detail to the probation office, they've met their burden of persuasion, it's now incumbent upon the government, or to produce evidence to suggest that they're not indigent. Like in this particular case, and that's basically what happened here. So should the question of indigency, since indigency is, I mean, it's not discretionary, is this is an ordinary meaning kind of thing? It doesn't have a special meaning under this statute, does it? It does not, I think it's the same as it does in any other circumstance. Okay. The only question is, whether you're going to allow some speculation as to future earnings and how you're going to do it, and what are the parameters going to be? Okay. And, and so capacity, we've already agreed that there is room to look to the future. And I understand you're talking about the boundaries on that. But so, if we're talking about capacity to pay, and mathematically, now, I haven't sat down and run the numbers myself, because I'm scared of calculators. But my, my good law clerk tells me, yeah, if you, if you if this gentleman serves this full sentence, he'll and he pays half of what looks like ordinary prison wages. Over that time, he he pays the 5000. Now, don't hold me to the math. Unless unless that's wildly off, which is case case, say, you know, you just, you know, get a new law clerk or get a new calculator, judge, but assume, assume we're kind of in the ballpark there. What is wrong with the district court looking and saying, you can pay this, and you can pay it without paying all your prison wages, you can, you can do it. So, in that respect, you're not indigent, given the future earnings capacity you have in prison. To push back on that a little bit, I think there are a couple of problems. First of all, 12 cents an hour, that comes out to about 96 cents a day, assuming it out. These guys don't work eight hours a day in prison. You know, 20 cents an hour comes out to a buck 60 a day. They have to pay for their telephone allowance, they've got to pay for stamps, they're gonna pay for emails, and all of those things come out. And so the notion that you could pay this on a few hours a day, at 12 cents an hour over the course of 24 and a half years is pretty far fetched. And what happens when they get moved? The last year, most of the bureau prison system has been shut down. These guys have been in jail and locked up in their cells 23 hours a day. So the notion that they're now all of a sudden going to get out and work eight hours a day is beyond speculation I just don't believe wouldn't you have to agree that the pandemic year is that's not the norm. We're not going to be thinking about 23 hour a day lockdown for these folks going forward, they're gonna, he's gonna have the the capacity to work and an opportunity or well, at least, Judge Kane was persuaded by the government's presentation, the probation officers presentation, that this is, he might be an older man, but he's still able bodied and and pay is, is that factually erroneous? Is it? Well, I should put it this way. Is that clearly erroneous? It's factually speculative. And for that reason, it would be clearly erroneous. We don't know what institution he's going to go to. We don't know when he's going to get there. We do know now, he's got a 60 year state sentence that's imposed partially concurrent. So he's never going to get out of custody. He's going to go to serve that sentence when he's done with the federal. And that's happened since so there's quite a bit of speculation as to what what he's going to be able to do, how much time is going to be able to work, and whether he's going to be able to work sufficiently to pay this off. If the government's position is accepted, then nobody in the Bureau of Prison System is indigent, unless they're in a medical facility. That seems to me to be a fairly extreme reading of the statute under these circumstances. Congress certainly didn't think that this special assessment was was should get priority over fines and restitution. If you look in subsection B, they give fines and restitution priority over paying this, suggesting that if you can't pay a fine, and you can't pay restitution, you're not supposed to be saddled with this particular obligation on top of that. And our view that in on this record, the district court, there was insufficient basis for the district court to find that Mr. Schover was anything but indigent. And here's why. He satisfied the indigency finding that the initial appearance and arraignment for the appointment accounts. True, it doesn't go the whole way to proving indigency in the future or anything like that. But he's also detained for over two years before coming to court. He wasn't earning anyone. The year before he worked, he earned $3,000 as a grocery store stock. This isn't a person with any specialized training, or specialized vocational skill. And on top of that, the precepts report basically confirmed his the district court's findings are wholly consistent, found that he was indigent for purposes of these proceedings, found that he couldn't pay a fine. And that has significance for a couple of reasons. The fine guideline and by the 1.2. He says if you can't pay a fine that the judge found, you can't pay it now. She's also made a finding that he can't pay it in the future, even in installments. I don't know how you can reconcile that finding with the notion that you could somehow pay a $5,000 assessment, and he's going to become well, not isn't there, isn't that reconcilable by recognizing that the payment, the fine here potential pine was enormous, like a quarter of a million bucks, you could say, well, I can't expect that out of them. But I could expect 5,000 bucks if he gives, you know, if he saves some out of his prison wages, or $5,000 is a fairly enormous sum when you're making 20 cents an hour, a couple of a couple of hours a day. It's over the course of no question. It's real. Hey, 5000 is still real money to me. I'm so I'm not I'm not poo pooing the idea that 5000 is a significant sum, but he has 20 years to pay it. And and you just seem to indicate, you know, a finding of indigency for purposes of the fine necessarily means he can't pay the 5000. And I'm just pushing on that, because it seems like those are two very different findings, aren't they? There are two different numbers. One finding is obviously in the context of a discretionary determination. And obviously, the number of issues is quite a bit higher in the fine circumstance, but it could have been lower. I mean, it could have been $100 fine. I mean, there was nothing that prevented the court from opposing a $500 fine. But she thought he couldn't pay. And that funding necessarily assumes that he's not gonna be able to pay it now, or in the future under installments. Perhaps the district court had discretion with the fine, but no discretion with a special assessment. Well, that is correct. Except the one area where the court does have some factual funding is with respect to indigency. There was nothing in front of the court at the time to show that Mr. Shover was somehow going to go from his indigency status as reflected in the precepts report to non indigency just because he's going to jail. And if that's a standard that everybody that goes to jail suddenly becomes able to pay $5,000, then the fine must be imposed on every single person that comes before the court. There is no exception except somebody going to a medical center, I can't imagine because they can all work in a Federal Bureau of Prisons for at least a few cents an hour. I see that my time has expired. So I'll say Judge Jordan, do you have any other questions? Judge Sirica? Okay, the only thing I was gonna ask you if you know, and I'm sure your adversary as well, maybe you can respond without me asking. I know, I know that the statute itself, section 3014, has a sunset provision. And I think it's going to sunset in September. Have you heard anything about a read up of that statute? Just out of curiosity? I have not. But when I looked at it, it's been reenacted every year. If you look in the notes, you'll see that every couple of months is about someone who cares. Well, but, but, but, yeah, in December, they re reopted, but not with this provision. So just wondering, okay. All right. Thank you, counsel. Get you on rebuttal. And we'll hear from the government. Thank you, Your Honor. May it please the court Steven Suri on behalf of the United States. My answer to that question, Judge Chigars would basically be the same as Mr. Ulrich's. I'm not aware of any pending extension, but I would be surprised if it was not extended in some manner. Based on on the court's questioning, I'll go straight to the issue of the the facts surrounding this and I would just address my opponent's claim that you know, if you allow for prison earnings, to be considered as future earnings as far as indigency, that everybody is is rendered non indigent. I don't I don't think that's true, because you can have interplays where if a judge has a situation where there is someone where there is very clearly going to be outstanding debts that are going to be collected during the time period, if there is something of a higher priority, whether it's fines or restitution, that it is imposed that may render someone indigent for the purposes of this statute. And I would say how are you defining indigent, Mr. Strudy? Are you defining it as it means you just flat out, it's impossible to pay? Because if indigency means what it means in the dictionary, which is you're strapped and don't have really assets to speak of, at all, how does a guy with $10 in his bank account, over $233,000 in debt, a house in foreclosure, last known earning less than $4,000, you know, a truck from the 1980s were $700. And with the prospect of earning about 20 cents an hour in prison, how does a fellow like that, in ordinary parlance, qualify as non indigent? Well, to the to the extent that I have seen definitions of indigency, common definitions from various dictionaries, it afford the basic necessities of life. Well, all of those are being provided to Mr. Shover while he's in prison. You know, he may not have all of you know, he may not have the finest hygiene, you know, the best freshest toothpaste, but they do get to tooth cleaning for hygiene. You know, he gets medical care, he gets his food, he gets his shelter, he gets his clothing, he gets his his his bed at night, you know, so so the government's perspective is, you shouldn't be able to keep anything. I mean, you can, if you can earn a nickel, then you're non indigent, because that's a nickel to spare. Well, no, no, I mean, we think that what has been the practice, at least in our court for years and years and years, which is when you have some sort of assessment or fine payment schedule that is imposed by the court tends to be exactly what was done here, which is 50% of what is in the inmates trust account after a telephone allowance. So you know, Mr. Shriver will have his telephone allowance, so he can call people or receive calls, he will have 50% of his earnings that he can spend on these other things if he wants to get the the toothpaste instead of the tooth powder. It does stretch out the payment plan payment timeframe, but you know, it is what it is till he's 82. And you're you made a deal out of saying he's able bodied. Now. I like to think I'll be able bodied, but you know, how do you address the idea of speculation in this that Mr. Ulrich has been pressing, because it your your view of this requires one to think, first, you'll be able to work without interruption. Second, that you'll be able to receive a prison wage sufficient, that you could pay this out over 20 years. And, and finally, yeah, it assumes that maybe this is part of the first that you're actually going to live out the full length of your sentence. I mean, if aren't all those things what Mr. Ulrich has said they are kind of just a speculation. And, and how much does the district court have to have in the way of reasonable foreseeability, before saying capacity to pay all by itself makes for non intrinsic? Well, I think the problem with this is anytime you are talking about the future, whether it's future earnings or something else, it is inherently going to be speculative to a certain degree, none of us know the future. So all you can do is look at what the situation is now, spin it forward in a somewhat reasonable way. And I don't think that it is unreasonable for the court to do what it did here, which is say, you're healthy, you have a sister who says that you've always been a worker be your counsel has gotten up and said that it's important to your dignity of life to work. All he knows is work to think that he is going to work for some period during the time that he is in prison. Now, whether that ends up being the entire 24 years, or given the the what is laid out in the language of section 3014, it actually, you can pay it out over 20 years after the conclusion of the imprisonment. So we're talking about potentially 40 years, granted, he's 59 years old, but it's not impossible to live that long. Yeah, but but I guess maybe we're just circling around the same thing. I'll stop. But all of this is seems to skirt the issue, which is, the court has some obligation to say, whether this man is indigent or non indigent. If, if the idea of indigency, the sole determinant of indigency is a mathematical calculation that it would be feasible over a 20 year period for a person who was working, and I don't know, maybe it's like eight hours a day and receiving a certain wage to do this. Does that? Does that defeat the ordinary meaning which everybody seems to agree the ordinary meaning of indigency? Would somebody, would an ordinary person looking at this think, yeah, he's non indigent? Or would an ordinary person applying ordinary language say, somebody making 20 cents a day in prison, who went into prison deeply in debt? This is not non indigent, indigent, this is an indigent person. Well, I don't think there's anything in the record that indicates that any of that any of the debtors that he has are going to be trying to collect from him while he's in prison. Certainly the house is in foreclosure, maybe they, you know, absolve that debt if they sell the house. But it's real, but it's real that it's not made up. It's I mean, you can't push back on that piece of the record. The man had $23,000 23 to excuse me, $233,000 in debt and $10 in his bank account. And and your position is and the government and the court accepted it is, if he makes 20 cents an hour for the next 20 years, he's non indigent. I'm just asking you the question, is that square with ordinary parlance? I think in a present setting, it does. Because when you start talking about indigency, you're talking about the ability to provide for the basic needs of life. And all of his basic needs are going to be provided during the time that he is in prison. I think 12 to 40 cents could be considered a livable wage for someone who doesn't have any costs, other than perhaps a special assessment that they have to pay 50% of what's in their trust account for it may be that may be so. But why does the statute call for an examination of indigent? Indigency? Well, I think because there are situations where someone may not be able to work, for whatever reason, most likely would be be medical, but if it gets to the point that Mr. Shover gets too old to be able to do any of the jobs that are on offer, they're not because of any particular medical condition, but just because of agentness, that's certainly possible. At that point, you know, maybe someone in those type of situations would be agent indigent, because they are not able to work, they are not able to earn anything. And then on page 33, which is the opinion of the of the court, noted that the defendant has been found indigent for purposes of these proceedings. What does the court mean there then? Well, I, I can't, I was not at the sentencing. And I can't jump into Judge Kane's head to know exactly what she meant. But I think from the context, what she ended up doing, I mean, you understand our concern, there may be an inconsistency here. Well, you know, she'd held, she'd, she'd at least acknowledge that there was indigent, there was, he was indigent for purposes of these proceedings, and yet later applied a rule that seemed to be opposite of that. Well, that's, that's what I was trying to get to the by looking at the entire context of what she did. And she was certainly aware of the standard that is set forth in 3014. It was briefed, it was argued, she discussed the ability to pay in the future. So she understood that. So I think that the context indicates the reference to being found indigent for these proceedings was a reference to the provision of counsel from the very outset, saying that because he only had $10 in his bank account, he couldn't afford counsel. Well, it can't just be that because she said he couldn't pay a fine. Right? She said, he's indigent for purposes of these proceedings, and he can't pay a fine. If the, if the, if the Congress meant what you meant, Mr. Strudy, why didn't it just say what it does in the context of criminal fines, which is contingent on a person's ability to pay? Why did the Congress choose indigency as the determinative factor? I spent some time looking through the legislative history couldn't find why the exact word indigent was used. So it would be speculation on my part to to as to why they use that instead, there is obviously as as was briefed, and we haven't really talked about it much today. The fact that in referencing fines later on, and later subsections of the statute, there is an like a fine, not as a fine. Clearly, there are differences to nondiscretionary nature, but like a fine. Yeah, but we presume they know how to use language, right. And if they meant for it to be like fine, say they would have, they would have outlined it along the same lines, which is ability to pay you don't you don't give a person a fine if they don't have the ability to pay. But if they do have the ability to pay, you set an appropriate fine. Here, they didn't say that they said $5,000 for non indigent people. If they'd wanted it to be like a fine, they could have structured it that way. But they didn't. Right? Well, there are a number of different ways they certainly could have used that language. Yes. But you know, the government's position is that they did structure it in important ways like a fine by specifically referencing fines and cross referencing the obligation language from 3613 regarding fines. So fines were clearly very much in their mind. And they chose to use indigency as the term for whatever reason that they did, as as I've answered a number of questions already today. I don't think that that ends up making a difference in this case, there may be other cases where it does. You think we could issue an opinion saying that contention on a person's ability to pay means the same thing as indigency? In this context, I think it could work that way, because he is able to pay, and therefore he is non indigent. I would have to give that more thought before I said 100% sure. That is the way you're defining it here. That's in fact, the entirety of your argument, isn't it? He can do it. And therefore, he's non indigent. Well, that is in this case, I mean, I mean, if we're talking about a larger sweep of an opinion that saying that I would have to think about other potential hypotheticals, which we have to do, right? That's, that's, we're not free to not think about those. Well, I would certainly do think that that is part of the job description for you. Yes. But I also think that the you know, you're here to apply the law to the facts that are in front of us. Or you're here to apply the facts that are in front of you. I'm here to argue the position of the United States. Okay. Do you have anything more counsel? No, other than to say that my calculations and I also went to law school to avoid doing math. My calculations do accord with Judge Jordan's law clerk on the calculations there. So all right, Judge Jordan, do you have anything? No. And Judge Serica, anything more? Okay, thank you, counsel. And we'll hear from you. Thank you. Just to touch upon a couple of the points made by the government. If we're going to allow consideration of the possibility of future earnings within the BOP or future BOP wages, the government seems to suggest, well, at some point, you may become unable to work because of his age. Well, the problem here is the judge doesn't have a chance to they can't revisit this. This is once this assessment is imposed. It's not like some other financial obligation where the judge can come back and say, well, I'm going to suspend payment of it. Now you don't have to pay it because because you're not capable. This debt will exist regardless. And well, as a practical matter, does that matter, Mr. Ulrich, because if he can't pay it, as you've already pointed out, it's it's it's not ever going to be a matter that anybody has to deal with, except him. If he's unable to pay, he's unable to pay, he'll be, he'll, he'll continue to have 50% of his earnings if he's able to earn. And if he stops being able to earn, then he stops paying. And the only person or people who are hurt by that are the victims of the crimes of the sort that your client committed, not your client, because he just doesn't pay. And that's the end of it. Well, to push back on that a little bit, I mean, he would continue to be hurt because he'd have absolutely no money in his commissary account. And this continued obligation that he can't quite satisfy. If this were restitution, I'd agree with you 100% that the victims, but this is a restitution. This is this is a well, when you say when you say he'd have no money in his account, Judge Kane set this up. And Mr. Sturdy pointed this out. She was careful to say, 50% of your earnings after your telephone allowance. So that seems to indicate that that's the pattern that she was setting. And that's what she had in mind when she said you can do this. It's not beyond your capacity to do this. So you have $1 in his account, and he would take 50 cents of that 50 cents left over for whatever else he needs to mail, mail things to send an email to buy toothpaste and to have some shampoo. That's not very much. That's that's a pretty dire circumstance if that's what we're going to impose on somebody in DOP custody. I would ask, you know, the court to take into consideration in a handful of cases where courts have focused or fully on prison wages, most of them were in the context of plenary and or an appellate waiver. I think it'd be very difficult to establish an illegal sentence in the context of an appellate waiver because of this assessment. And I think the same thing is true in the context of plenary. I would ask, this was not included in the briefing, but the Eighth Circuit somewhat recently addressed an analogous circumstance in United States versus Barth. An individual that was facing a fair amount of time in jail, had a lot of debt that wasn't going to go away. And they found he was indigent. For the very same reasons we asked the court to find that Mr. was indigent, vacate the sets in order and remand for imposition of sentence without the assessment. Thank you. Thank you, counsel. Judge Jordan, do you have anything more? No. Okay, and Judge Sirica. Thank you. Thank you. All right. Thank you, counsel. And thank you both counsel for your excellent arguments today. And  I wish